Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1080
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorney for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No.: |
| | ) |
| | ) **COMPLAINT – CIVIL RIGHTS;** |
| Plaintiff, | ) **EMPLOYMENT DISCRIMINATION** |
| | ) |
| vs. | ) (42 U.S.C. §§ 2000e, et seq.) |
| | ) |
| MCDONALD'S CORPORATION, | ) **JURY TRIAL DEMAND** |
| | ) |
| Defendant(s). | ) |
| | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 ("Title VII")  to correct unlawful employment practices on the basis of religion, Islam, and to seek appropriate relief on behalf of Charging Party Shaheed Khan, who was adversely affected by such practices.  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant McDonald's Corporation discriminated against

1  Charging Party on the basis of his religion, Islam, when it failed to reasonably accommodate his
2  request for religious accommodation in violation of 42 U.S.C. §§ 2000e, *et seq.*

3

4  **JURISDICTION AND VENUE**

5      1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,
6  1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3), as
7  amended, 42 U.SC. 2000e-5(f)(1) and (3), and § 102 of Title I of the Civil Rights Act of 1991,
8  42 U.S.C. § 1981a.

9      2.     The employment practices alleged to be unlawful were committed within the
10  jurisdiction of the United States District Court for the Eastern District of California.

11

12  **PARTIES**

13      3.     Plaintiff, the U.S Equal Employment Opportunity Commission is the agency of
14  the United States of America charged with the administration, interpretation, and enforcement
15  of Title VII and is expressly authorized to bring this action § 706(f)(1) and (3) of Title VII, 42
16  U.S.C. § 2000e-5(f)(1) and (3).

17      4.     During all relevant times, Defendant McDonald's Corporation ("Defendant") has
18  continuously been an employer doing business in Fresno County, State of California, and
19  continuously had at least 15 employees.

20      5.     At all relevant times, Defendant McDonald's Corporation has continuously been
21  an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), (h)
22  of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

23

24  **CONDITIONS PRECEDENT**

25      6.     More than thirty (30) days prior to the institution of this lawsuit, Charging Party
26  Shaheed Khan filed a charge of discrimination with the Commission alleging that Defendant
27  violated Title VII; and notice of the charge was provided to Defendant.

28      7.     Prior to the institution of this lawsuit, the Commission investigated the charge

and issued a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Charging Party on the basis of his religion.

8.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effectuate Defendants' voluntary compliance with Title II through informal methods or conciliation, conference, and persuasion.  Such efforts were unsuccessful.

9.      Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

10.      At all relevant times, Defendant McDonald's Corporation is a national company, which owns restaurants serving fast food to its clientele.  Defendant owns a number of restaurants, including the one at 3237 West Shaw Avenue, Fresno, California  93727 ("McDonald's Restaurant").

11.      On or about 2001, Defendant hired Shaheed Khan as a crew person at its McDonald's Restaurant.  In 2003, Defendant promoted Shaheed Khan to be a Crew Trainer.

12.      Shaheed Khan had a sincerely held belief in his religion of Islam.  He sincerely believed that his religion required him to grow a beard.

13.      In July and August 2005, Shaheed Khan informed Defendant of his religious beliefs and sought accommodation for his religious belief to wear a beard at work.  Khan was not accommodated which lead to his constructive discharge.

14.      The effect of the practices complained of as described in paragraphs 10 through 13 have been to deprive Shaheed Khan of equal employment opportunities.

19.      The unlawful employment practices in paragraphs 10 through 13 above were intentional.

20.      The unlawful employment practices complained of above were done with reckless disregard to Shaheed Khan's federally protected rights.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of religion.

B.     Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a).

C.     Order Defendant to make Shaheed Khan whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D.     Order Defendant to make Shaheed Khan whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.     Order Defendant to make Shaheed Khan whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.     Order Defendant to pay Shaheed Khan punitive damages for their reckless disregard to Shaheed Khan's federally protected rights in an amount to be determined at trial.

G.     Award the Commission its costs of this action.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.


P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507


Dated:  December 12, 2013


ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION