Anna Y. Park, CA SBN 164242
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301
lado.legal@eeoc.gov

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Michael J. Gray, IL Bar No. 6210880
Jonathan M. Linas, IL Bar No. 6290055
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 269-4096
Facsimile: (312)782-8585

Attorneys for Defendant
MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>       vs.<br><br>MCDONALD'S RESTAURANTS OF CALIFORNIA, INC.,<br><br>                Defendant. | Case No. 1:13-cv-02065-AWI-SAB<br><br>**CONSENT DECREE AND ORDER** |

## I.     INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant McDonald's Restaurants of California, Inc. ("Defendant") stipulate and agree to entry of this consent decree and order ("Decree") to resolve the EEOC's complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. McDonald's Restaurants of California, Inc.*, Civil Case No. 1:13-cv-02065-AWI-SAB (the "Action") filed in the Eastern District of California.

On December 18, 2013, EEOC brought this Action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").  In the Action, the EEOC alleged that Defendant discriminated against its former employee, Charging Party Shaheed Khan, by denying him reasonable accommodation and by constructive discharge on the basis of religion, Islam, in violation of section 703(a)(1) of Title VII.

## II.     PURPOSES AND SCOPE

A.     This Decree is made and entered into by and between the EEOC and Defendant (collectively the "Parties").

B.     The Parties have entered into this Decree for the following purposes:

  1.     To avoid the expense, delay, and uncertainty that would result from continued litigation;

  2.     To provide appropriate monetary and injunctive relief;

  3.     To ensure Defendant's employment practices comply with Title VII, including its prohibition against religious discrimination;

  4.     To ensure that Defendant's managers, supervisors, and employees are given effective training of their obligations under Title VII with an emphasis on providing reasonable accommodation(s) to employees because of their religion;

  5.     To ensure that Defendant provides reasonable

accommodation(s) to employees because of their religion; and

      6.    To ensure that Defendant provides a workplace free from retaliation.

### III.   RELEASE OF CLAIMS

A.    This Decree fully and completely resolves all issues, claims, and allegations raised or that could have been raised in EEOC Charge No. 370-2006-00193 and the complaint filed on December 18, 2013 by the EEOC in *U.S. Equal Employment Opportunity Commission v. McDonald's Restaurants of California, Inc.*, Civil Case No. 1:13-cv-02065-AWI-SAB. The EEOC shall not bring any other action or other proceeding against Defendant or its employees arising out of EEOC Charge No. 370-2006-00193 or the complaint in this Action.

B.    Nothing in this Decree shall be construed to preclude the EEOC from moving to enforce this Decree in the event that Defendant fails to comply with the promises or representations contained herein.

C.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply with Title VII or any other federal law.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures, except for any claims contained in EEOC Charge No. 370-2006-00193 and the complaint in this Action.

E.    It is understood and agreed by the parties that the execution of this Consent Decree by the parties, and its entry by the Court, shall not constitute an adjudication or findings on the merits of this Action and shall not be an admission of liability or wrongdoing by Defendant with regard to the claims asserted in EEOC Charge No. 370-2006-00193 or this Action.

### IV.   JURISDICTION AND FINDINGS

A.    The Court has jurisdiction over the Parties and the subject matter of

this Action.  The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

  B. The terms and provisions of this Decree are fair, reasonable, and just.

  C. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

  D. The Court shall retain jurisdiction over this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION

  A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

  B. The obligations of Defendant included in this Decree shall remain in effect for two (2) years after the Effective Date.  In the event that the EEOC proves that Defendant has not complied with the Decree, the duration of this Decree may be extended by court order to effectuate the purposes of the Decree.

## VI. MODIFICATION AND SEVERABILITY

  A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

  B. By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate its provisions.

  C. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

  D. If one or more of the provisions of this Decree is rendered unlawful or unenforceable, (1) the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree, and (2)

1  the remaining provisions will remain in full force and effect unless, despite the
2  Parties' best efforts, the purposes of this Decree cannot be achieved.

### VII.   COMPLIANCE AND RESOLUTION

4  A. The Parties agree that if the EEOC has reason to believe that
5  Defendant has failed to comply with any provision of this Decree, the EEOC may
6  file a motion before this Court to enforce the Decree.  Prior to initiating such
7  action, the EEOC will notify Defendant and its legal counsel of record, in writing,
8  of the nature of the dispute.  This notice shall specify the particular provision(s)
9  that the EEOC believes Defendant has breached and the factual basis for the
10 alleged breach.

11 B. The Parties agree to cooperate with each other and to act in good faith
12 to resolve any dispute referenced in the EEOC's notice before the EEOC petitions
13 the Court for resolution of the dispute.

14 C. Absent a showing by either party that the delay will cause irreparable
15 harm, Defendant shall have forty-five days to attempt to resolve or cure the
16 putative breach.  If forty-five days pass without resolution, the EEOC may petition
17 this Court for resolution of the dispute, seeking all available relief, including an
18 extension of the term of the Decree for such period of time as Defendant is shown
19 to be in breach of the Decree or any other relief the Court deems appropriate.

### VIII.  RELIEF SPECIFICALLY TO SHAHEED KHAN

21 A. <u>Monetary Relief</u>

22 1. In settlement of this Action, Defendant shall pay a total of
23 $50,000 (the "Settlement Amount") within ten days of the Effective Date of this
24 Decree by mailing a check by certified mail to an address provided by the EEOC.
25 The entire Settlement Amount shall be made payable to Shaheed Khan.

26 2. The EEOC deems that all of the Settlement Amount be
27 designated as non-wage compensation for emotional distress under Title VII and
28 no tax withholding will be made.  Defendant shall prepare and distribute a 1099 tax

reporting form to Shaheed Khan and shall make appropriate reports to the Internal Revenue Service and other tax authorities, if necessary.

       3.    Within three days of the issuance of the check, Defendant shall submit a copy of the check and related correspondence to Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

    B.    <u>Other Relief Specific to Shaheed Khan</u>

       1.    Defendant shall purge Shaheed Khan's employee records of any negative warnings, disciplines, or other negative references relating to his request for religious accommodation; to disciplinary action after his request for religious accommodation; and to his quitting and/or being terminated from his position with Defendant.

       2.    If prospective employers of Shaheed Khan inquire of Defendant by contacting McDonald's The Work Number at (800) 367-5690 about his employment with Defendant, McDonald's shall limit any response to verify only his employment by Defendant, the period of such employment, and his job title(s).

### IX.   GENERAL INJUNCTIVE RELIEF

    A.    <u>Non-Discrimination</u>

Defendant, its officers, agents, management, successors, assigns, and directors are enjoined from discriminating in violation of Title VII based on the sincerely held religious beliefs of an employee at any of the Designated Restaurants (as defined Paragraph IX.D., below).

    B.    <u>Non-Retaliation</u>

Defendant shall not retaliate against any current or former employee or applicant at any of the Designated Restaurants (as defined in Paragraph IX.D., below) because he or she opposed any discrimination based on his or her sincerely held religious beliefs or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing

concerning discrimination in violation of Title VII based on the sincerely held religious beliefs of an employee.

    C.    Policies and Procedures

        1.    Defendant shall have an anti-discrimination policy and complaint procedure for the duration of the Decree.  Its current anti-discrimination policy and complaint procedure are attached as Exhibit A ("Policy"). If Defendant makes changes to its Policy during the term of the Decree, Defendant will provide a copy of the revised Policy to the EEOC within thirty days of the revision.

    D.    Distribution

        1.    Within ninety days of the Effective Date, Defendant shall distribute its Policy to all management and non-management employees in restaurants in the same patch of restaurants as the restaurant where Shaheed Khan used to work (the "Designated Restaurants").  The "Designated Restaurants" and their current locations are:

    1    Store No. 06008 - 5645 E. Kings Canyon, Fresno, California 93727.
    2.    Store No. 19189 - 4190 N. West Avenue, Fresno, California 93705.
    3.    Store No. 07579 -368 E. Shaw Avenue, Fresno, California 93710.
    4.    Store No. 05487 - 1718 W. Olive, Fresno, California 93728.
    5.    Store No. 25557 – 1197 N. Willow, Clovis, California 92612.

Within thirty days of hire, Defendant shall distribute its Policy to any employees newly hired to work at the Designated Restaurants.

        2.    Defendant shall ensure that all employees who receive a copy of the Policy sign a form acknowledging having received, read, and understood the policy and complaint procedure.

    E.    Training

        1.    Within ninety days of the Effective Date, Defendant shall ensure that all non-management employees of the Designated Restaurants attend a training program of at least one hour in duration regarding their rights and

responsibilities under Title VII with an emphasis on its prohibition against religious discrimination and retaliation. The training also should include a review of the employee's right to seek accommodation of his or her religious beliefs and Defendant's policy and procedure for reporting and handling requests for accommodation of the employee's religious beliefs, complaints of harassment, discrimination, and retaliation ("Non-Management Employee Training"). Defendant shall hold a live "Non-Management Employee Training." Non-management employees who are not present at the live Non-Management Employee Training shall attend a separate live training or view a recorded version of the live Non-Management Employee Training with a live component where they can ask questions and receive answers from someone who has attended the live training and is knowledgeable of the issues covered in the training.

      2.    Within ninety days of the Effective Date, Defendant shall ensure that its human resources managers and consultants and restaurant managers and supervisors with responsibility for the Designated Restaurants attend a training program of at least one hour in duration on Title VII's prohibition against religious discrimination and retaliation, the Policy, the handling of any request for accommodation of an employee's religious beliefs in compliance with Title VII and its prohibition against retaliation ("HR and Manager Training"). Defendant shall hold a live HR and Manager training. For management employees who are not present at the live HR and Manager Training, Defendant shall ensure that they attend a separate live training or view a recorded version of the live HR and Manager training with a component where they personally can ask questions and receive answers from someone who has attended the live training and is knowledgeable of the issues covered in the training. This HR and Manager Training shall include instruction regarding:

      a.    Defendant's responsibility under Title VII to provide reasonable accommodation(s) to employee's sincerely held religious beliefs;

  b. Defendant's Policy on the handling of an employee's request for accommodation of his or her sincerely held religious beliefs, on engaging in the interactive process, and on providing reasonable accommodation to its employees because of his or her sincerely held religious beliefs;

  c. Title VII's prohibition against retaliation against any employee who engages in protected activity under Title VII.

 3. During the term of this Decree, Defendant shall ensure that any newly hired non-management employee in one of the Designated Restaurants shall receive Non-Management Employee Training as described herein individually either live or through video within thirty days of hire.

 4. During the term of this Decree, Defendant shall ensure that any newly hired management employee in one of the Designated Restaurants shall receive the HR and Management Training as described herein individually either live or through video within thirty days of hire.

 5. Defendant shall ensure that all employees in any of the Designated Restaurants who receive Non-Management Employee Training or HR and Manager Training sign a form acknowledging his or her attendance at the training(s).

F. <u>Posting of Notice</u>

Within ten business days after the Effective Date, and throughout the term of this Decree, Defendant shall post at each of the Designated Restaurants the Notice of the terms of this Decree in a clearly visible location frequented by employees at that facility.

G. <u>Record Keeping and Reporting</u>

 1. <u>Document Preservation</u>: For the duration of the Decree, Defendant shall retain such records as are necessary to demonstrate its compliance with this Decree, including the following:

  a. its existing policy or revised anti-discrimination policy

and complaint procedure, if changes are made;

  b. the forms signed by employees acknowledging their receipt, reading, and understanding of Defendant's anti-discrimination policy and complaint procedure;

  c. the training materials used in Non-Management Employee Training and HR and Manager Training;

  d. the attendance sheets or verifications signed by employees concerning attendance at Non-Management Employee Training and HR and Manager Training; and

  e. documentation in a centralized tracking system of any complaint of discrimination and any requests for accommodation of an employee's sincerely held religious beliefs made to McDonald's HR consulting hotline by an employee employed at any of the Designated Restaurants, including the date, the name of the employee who filed the request for accommodation, the name of the person who handled the request, a summary of Defendant's response to the request, and the resolution of the request. Human Resources Managers and Consultants with responsibility for the Designated Restaurants shall maintain a list of complaints of discrimination made to them based on an employee's sincerely held religious beliefs and any requests for accommodation of an employee's sincerely held religious beliefs made by an employee employed at any of the Designated Restaurants, including the date, the name of the employee who filed the complaint, the name of the person who handled the complaint, a summary of any investigation, and the resolution of the complaint

 2. <u>Changes in Policy and Procedure</u>:  If Defendant makes any changes to its anti-discrimination policy and procedure during the term of this Consent Decree, Defendant will provide a copy of the revised policy and procedure to the EEOC within thirty days of the revision.

 3. <u>Initial Reporting</u>:  Within ninety days of the Effective Date,

Defendant shall provide to the EEOC a written report of the status of its compliance with the Decree since the Effective Date.  The Initial Report shall include the following:

    a.    confirmation that Defendant has distributed its anti-discrimination policy and complaint procedure in accordance with the Decree;

    b.    confirmation that Defendant has provided the training in accordance with the Decree;

    c.    confirmation that Defendant has complied with the record keeping requirements of the Decree;

    d.    confirmation that Defendant has posted the Notice of the terms of the Decree (attached as Exhibit A);

    e.    a copy of the training materials used in Non-Management Employee Training and HR and Manager Training; and

    f.    a log of all complaints of discrimination based on an employee's sincerely held religious belief and requests for accommodation of an employee's sincerely held religious beliefs made to McDonald's HR Consulting hotline or to Human Resources Managers or Consultants with responsibility for the Designated Restaurants by an employee employed at any of the Designated Restaurants, including the date, the name of the employee who filed the complaint, the name of the person who handled the complaint, a summary of any investigation, and the resolution of the complaint.

    4.    <u>Annual Reporting</u>: Twelve months after the deadline for Initial Reporting and one month before the termination of the Decree, Defendant shall provide to the EEOC a written report as to Defendant's compliance with the Decree since the last report.

    5.    <u>Request by the EEOC</u>:  Within thirty days of a request by the EEOC, Defendant shall provide to the EEOC a log of all complaints of discrimination based on an employee's sincerely held religious belief and requests

for religious accommodation of an employee's sincerely held religious beliefs made to McDonald's HR Consulting hotline or to Human Resources Managers or Consultants with responsibility for any of the Designated Restaurants by an employee employed at any of the Designated Restaurants, including the date, the name of the employee who filed the complaint, the name of the person who handled the complaint, a summary of any investigation, and the resolution of the complaint.

## X. COSTS OF ADMINISTRATION AND IMPLEMENTATION

Defendant shall bear all costs associated with the administration and implementation of its obligations under this Decree.

## XI. ATTORNEYS FEES AND COSTS

Each Party shall bear its own costs of suit and attorneys' fees.

## XII. MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time prior to the execution of any agreement for acquisition or assumption of control of any or all of the Designated Restaurants.

B. During the term of this Decree, Defendant shall ensure that each of its officers, managers, supervisors and Human Resources staff is aware of any term in this Decree which may be related to his/her job duties.

C. All reporting under this Decree shall be directed to: Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

|   |   |
|---|---|
|   | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Date:  December 19, 2013 | By:  /s/ Anna Y. Park<br>Anna Y. Park<br>Attorney for Plaintiff EEOC |
| Date:  December 19, 2013 | By:  /s/ Brett Rawitz<br>McDonald's Restaurants of California, Inc. |

IT IS SO ORDERED.

Dated:  December 20, 2013                    _____
                                                                SENIOR DISTRICT JUDGE

1 **ORDER**

2 **GOOD CAUSE** having been shown, the provisions of the foregoing
3 Consent Decree are hereby approved and compliance with all provisions thereof is
4 fair and adequate.
5 **IT IS SO ORDERED.**